Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Noah J. Larsh (SBN 348541)
Noah@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC YARDLEY, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>FRESH WATER SYSTEMS, INC.,<br><br>　　　　　Defendant. | Case No:　**'26 CV 3145 LL　JLB**<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>**USE OF A PEN REGISTER OR TRAP AND TRACE DEVICE, CAL. PEN. CODE § 638.51**<br><br>**Jury Trial Demanded** |

1

## INTRODUCTION

1.    Plaintiff Eric Yardley ("Plaintiff") brings this class action complaint on behalf of Plaintiff and all others similarly situated (the "Class Members") against defendant Fresh Water Systems, Inc. ("Defendant").  This action is based upon personal knowledge of the facts pertaining to Plaintiff, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

## NATURE OF THE ACTION

2.    Plaintiff brings this action against Defendant for recording, decoding,  or capturing Plaintiff's routing, addressing, or signaling information and aiding Meta Platforms, Inc. ("Meta") to do the same  via a tracking pixel ("Meta Pixel") in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 630 et seq.

3.    Defendant maintains the website https://www.freshwatersystems.com (the "Website"), that provides water services to consumers in California and other states. Countless Californians have visited the Website and without their knowledge, Defendant secretly collected their personal identifying information ("PII") consisting of their routing, addressing, or signaling information.

4.    Each time Plaintiff and Class Members visited the site, Defendant utilized various hidden trackers, including the Meta Pixel to collect their routing, addressing and signaling information, in addition to their IP addresses, unique identifiers, browsing information, and other personal information.

5.    Under CIPA, it is unlawful for any person to install or use a "pen register" or a "trap and trace device" without first obtaining a court order.

6.    A pen register records or decodes outgoing dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted.

///

///

2

Complaint - Class Action

7. A trap and trace device captures incoming dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.

8. The statute is designed to protect Californians from unauthorized digital surveillance and the covert collection of data. These protections apply squarely to the unauthorized deployment and operation of the Meta Pixel that occurred in this case.

9. Plaintiff brings this action in order to prevent Defendant from continuing to violate CIPA, and to recover statutory damages for Plaintiff and Class Members.

## PARTIES

10. Plaintiff is a natural person and an adult citizen of the state of California, domiciled in San Diego County, California.

11. Defendant is a corporation formed in South Carolina with its principal place of business in South Carolina. Defendant owns and operates the Website that is the subject of this litigation.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where (1) the aggregate claims of all members of the proposed Class are in excess of $5,000,000 exclusive of interest and costs, (2) and at least one Class member is a citizen of a state different from Defendant.

13. This Court has personal jurisdiction over Defendant because Defendant is a corporation that gathers, takes, uses, and shares the information of Californians, including Plaintiff and Class Members.  The events and conduct giving rise to Plaintiff's claims occurred in California, within this judicial district. The violations complained of herein resulted from Defendant's purposeful and tortious acts directed towards citizens of California, such as Plaintiff, while they were located in California, within this judicial district.

///

3

Complaint - Class Action

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

### A. COMMON ALLEGATIONS

15. A visit to Defendant's site will show that it sells water services. What is not obvious is the fact that Defendant also deals in data, which is becoming more and more lucrative.

16. In order to gather vast amounts of data, Defendant deployed tracking technologies including the Meta Pixel on its website. The technologies track all visitors and their interactions with the site, including what pages they visit, links they click, their location, and various identifying information, among many other things.

17. These technologies are embedded in the source code of Defendant's website and are designed to capture, record, and transmit routing, addressing, and signaling information associated with electronic communications with the website. The technologies aid companies like Meta to do the same.

18. This occurs at the moment of user interaction with Defendant's site. The data Defendant takes includes full URL strings, page paths, and other signaling information.

19. When Plaintiff and Class members visited Defendant's site, the the Meta Pixel that Defendant has on its site installed the "_fbp" cookie on the computers of Plaintiff and class members. The _fbp cookie created a unique browser ID for each Class Member that visited Defendant's site. When those users logged into Facebook from their browser, Meta paired the _fbp cookie to each class members' Facebook account using the "c_user" cookie - which it installed on their computers when they visited the Facebook site.

4

Complaint - Class Action

20. The Meta Pixel Defendant has on its site recorded and decoded its outgoing routing, addressing, or signaling information that it transmitted to Class Members computers from its servers, in violation of Cal. Pen. Code § 638.51.

21. The Meta Pixel Defendant has on its site captured incoming routing, addressing, or signaling information reasonably likely to identify Plaintiff and Class Members as the sources of communications that they transmitted to Defendant's servers, in violation of Cal. Pen. Code § 638.51.

22. Plaintiff confirmed this conduct occurred by downloading Plaintiff's "off-Facebook activity" ("OFBA") from Facebook. The OFBA reveals that Defendant systematically recorded, decoded and captured details of Plaintiff's interactions with Defendant's website.  Defendant aided Meta to do the same.  These records include unique identifiers associated with Plaintiff, timestamps, and descriptions of specific interactions (e.g., "Search" or "Page View" or "Content" etc).

23. While the OFBA is telling, it is just the tip of the iceberg of all the data that Defendant gathers, and aids Meta to gather, from its site.

24. This conduct is not just performing routine analytics, gathering IP addresses or using functional cookies.  The technology Defendant uses, including the Meta Pixel, covertly took the data of Plaintiff and Class Members and enabled Defendant and Meta to identify them and their Facebook profile.

25. The technology must be considered a pen register or trap and trace device under CIPA which squarely prohibits the installation or use of a pen register or trap and trace device without a court order.

26. Defendant's conduct is even more egregious because Defendant's device, the Meta Pixel, aids Meta to do the same for purposes of  advertising and data aggregation. Defendant affirmatively enabled Meta and others to gather and process Plaintiff's information, thereby violating California's statutory protections of CIPA.

27. According to Meta's website, the Meta Pixel allows it "to match your website visitors to their respective Facebook User accounts" and that "[o]nce matched,

Complaint - Class Action

we can tally their actions in the Facebook Ads Manager so you can use the data to analyze your website's conversion flows and optimize your ad campaigns."[1]

28.    Meta's website explains that, to begin using the Meta Pixel, a business must first "install" the pixel by adding "pixel code to the website header."[2] Defendant made the conscious decision to undertake this installation process.

29.    Meta benefits from websites like Defendant's installing its Pixel. When the pixel is installed on a business's website, the business has a greater incentive to advertise through Facebook or other Meta owned platforms, like Instagram. In addition, even if the business does not advertise with Facebook, the pixel assists Meta in building more fulsome profiles of its own users, which in turn allows Meta to profit from providing more targeted ads. The pixel is installed on a multitude of websites and, accordingly, provides Meta with information about its users' preferences, other distinguishing traits, and web browsing activities outside of Meta-owned platforms.

30.    Plaintiff and Class Members were completely unaware that Defendant installed the Meta pixel and traced Plaintiff and Class member's information while navigating the website and then aiding Meta to access the same information.

31.    The known data Defendant recorded, decoded and captured  represents only a portion of the information collected, as demonstrated by the limited disclosures available through Meta's OFBA. The full scope of Defendant's activity is broader and will be the subject of further investigation and discovery.

**CLASS ACTION ALLEGATIONS**

32.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rule of Civil Procedure, on behalf of a class defined as;

> "All natural persons in California who used Defendant's website and whose dialing, routing, addressing, or signaling information was recorded, decoded, or captured by Defendant or a third party. (the "Class")

---

[1] https://developers.facebook.com/docs/meta-pixel/get-started (last visited April 28, 2026)
[2] Id.; https://www.facebook.com/business/tools/meta-pixel/get-started (last visited April 28, 2026)

Complaint - Class Action

33. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

34. Excluded from the Class are Defendant, any affiliate, parent, or subsidiary of Defendant, any entity in which Defendant has a controlling interest, any officer, director, or employee of Defendant, any successor or assign of Defendant, anyone employed by counsel in this action, any judge to whom this case is assigned, his/her spouse and immediate family members, and members of the judge's staff.

35. **Numerosity**. Members of the Class are so numerous that joinder of all members is impracticable. The exact number of Class Members is unknown to Plaintiff at this time. However, it is estimated that there are at many thousands of individuals in the Class. The identity of such membership is readily ascertainable from Defendant's records, since it uses the Meta Pixel.

36. **Typicality**. Plaintiff's claims are typical of the claims of the Class because Plaintiff visited the Website and viewed various pages, products and services. Defendant gathered Plaintiff's personally identifiable information and aided Meta to do the same. Plaintiff's claims are based on the same legal theories as the claims of other Class Members.

37. **Adequacy**. Plaintiff is prepared to take all necessary steps to represent fairly and adequately the interests of the Class Members. Plaintiff's interests are coincident with, and not antagonistic to, those of the members of the Class. Plaintiff is represented by attorneys with experience in the prosecution of class action litigation, generally, and in the emerging field of digital privacy litigation, specifically. Plaintiff's attorneys are committed to vigorously prosecuting this action on behalf of the members of the Class.

38. **Commonality and Predominance**. Questions of law and fact common to the members of the Class predominate over questions that may affect only individual members of the Class because Defendant has acted on grounds generally applicable to

7

Complaint - Class Action

the Class. Such generally applicable conduct is inherent in Defendant's wrongful conduct. Questions of law and fact common to the Classes include:

    a. Whether Defendant installed or used the Meta Pixel on the Website;

    b. Whether the Meta Pixel it installed is a "pen register" as defined by Cal. Pen Code § 638.50(b);

    c. Whether the Meta Pixel it installed is a "trap and trace device" as defined by Cal. Pen Code § 638.50(c);

    d. Whether Defendant violated Plaintiff's and Class Members' privacy rights under CIPA by installing the Meta Pixel or other tracking technology;

    e. Whether Plaintiff and Class Members are entitled to damages under CIPA.

39. **Superiority**. Class action treatment is the superior method for the fair and efficient adjudication of this controversy. Such treatment permits a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweigh any potential difficulties in the management of this class action.

## CLAIM FOR RELIEF

### Use of a Pen Register or Trap and Trace Device

### Cal. Penal Code § 638.51

40. California Penal Code Section 638.50(b) defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication."

41. California Penal Code Section 638.50(c) defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses

8

Complaint - Class Action

that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."

42. California Penal Code Section 638.51 prohibits any person from installing or using a pen register or trap and trace device without a court order.

43. Defendant's act of adding the Meta Pixel to its site constitutes installing or using a "pen register" because it recorded or decoded its outgoing routing, addressing, or signaling information that it transmitted to Class Members' computers from its servers, and Defendant aided Meta to do the same, in violation of Cal. Pen. Code § 638.51.

44. Defendant's act of adding the Meta Pixel to its site constitutes installing or using a "trap and trace device" because it captured incoming routing, addressing, or signaling information reasonably likely to identify class members as the sources of the communications that they transmitted to Defendant's servers, and Defendant aided Meta to do the same, in violation of Cal. Pen. Code § 638.51.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks:

a. An order certifying the Class, naming Plaintiff as the representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

b. An order declaring that Defendant's conduct violated the statute referenced herein;

c. An order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. An award of statutory damages;

e. An award of punitive damages in an amount to be determined at trial;

f. Prejudgment interest on all amounts awarded;

g. Injunctive relief as pleaded or as the Court may deem proper;

Complaint - Class Action

h.  An award of reasonable attorneys' fees and expenses and costs of suit;

i.  Any other relief the Court deems reasonable and just.

## JURY TRIAL DEMANDED

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP, APC**
Date:  May 20, 2026                    By:  *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

**SHAY LEGAL, APC**
Date:  May 20, 2026                    By:  *s/ Daniel Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com

*Attorneys for Plaintiff*
*and the Putative Class*

10

Complaint - Class Action